U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 0 8 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ERNEST WAYNE HAYES, ET AL        CIVIL ACTION NO: 09-0488

VERSUS        JUDGE DONALD E. WALTER

PRIDE OIL & GAS PROPERTIES, INC.,        MAGISTRATE JUDGE HORNSBY
ET AL

## ORDER

Before the Court is a Motion to Remand this action back to the 39th Judicial District Court, Red River Parish, Louisiana, filed by Plaintiffs, Ernest Wayne Hayes, et al. [Rec. Doc. #8].

This Court has reviewed the Opposition[1] as well as the relevant case law on improper joinder of parties. [Rec. Doc. #11]. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). Both Plaintiffs and Pride Oil & Gas Properties, Inc. ("Pride Oil") are citizens of Louisiana. Ordinarily this fact would preclude jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity would be missing. *See Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). However, Defendants contend that in assessing this Court's jurisdiction Pride Oil's citizenship should not be considered in that it has been fraudulently/improperly joined.[2] If Pride Oil was fraudulently/improperly joined then its presence will not bar this Court's jurisdiction. In addition,

---

[1] The Plaintiffs did not file a Reply to the Opposition to address the issues of improper joinder raised by the Defendants.

[2] For years the term "fraudulent joinder" was used. The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir.2005).

in that event it is not necessary to obtain Pride Oil's consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this Court must have original jurisdiction. 28 U.S.C. § 1441(a). Defendants rely on diversity jurisdiction pursuant to 28 U.S.C. § 1332 to satisfy this requirement. If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, 544 U.S. 992, 125 S.Ct. 1825 (2005) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). There is no alleged fraud in this case. Accordingly, our focus is the second basis for improper joinder. *See Travis, supra.*

The focus of this Court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiffs' case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing Defendants have demonstrated that Plaintiffs have "no possibility of recovery" against the in-state/non-diverse Defendant; i.e. that there is "no reasonable basis" for the district court to predict that the Plaintiff might recover against the in-state/non-diverse Defendant. *Smallwood, supra.*

This Court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the instate/non-diverse defendant under state law ( i.e. a FED. R CIV. P. 12(b)(6) analysis); or 2) in the

few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if a plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.[3] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

The lease executed between Ernest Wayne Haynes, et al and Pride Oil contained an assignment clause which stated:

> The rights of either party hereunder may be assigned in whole or in part ... An assignment of this lease, in whole or in part, shall, to the extent of such assignment, relieve and discharge Lessee of any obligations hereunder to Lessor ....

(Rec. Doc. #11 at 2). Soon after, Pride Oil initiated a total assignment to EnCana Oil & Gas (USA), Inc. ("EnCana") and SWEPI, LP ("SWEPI") of Pride Oil's interest. The Louisiana Mineral Code § 129 states that "an assignor ... is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing." LA. REV. STAT. ANN. §31:129 (2009). There has been one case analyzing this specific issue since the Mineral Code was passed in 1974. In 2009, Magistrate Judge C. Michael Hill faced a similar

---

[3]In other words, facts that can be easily disproved if not true. *Id.*

assignment clause ("In the event Lessee hereunder at any time assigns his entire interest in this lease to a third party or parties said Lessee shall, as of that date, be relieved of all obligations thereafter accruing under this lease.") and found that it satisfied the requirements of section 129. *Trahan v. Devon Energy Prod. Co.*, 2009 WL 56911, *4 n.6 (W.D. La. Jan. 6, 2009). The court in that instance could find no jurisprudence preventing a clause that effected an anticipatory discharge. This Court's research of state and federal jurisprudence revealed the same finding. The assignment clause in this case, like the *Trahan* case, appears to effect an anticipatory discharge. Plaintiff's Motion to Remand fails to address the assignment issue. As such, it appears to this Court that the Plaintiffs joined Pride Oil to defeat diversity jurisdiction.

In their Motion to Remand [Rec. Doc. #8], Plaintiffs characterize their cause of action as an action to rescind the lease. According to the Plaintiffs, "the relief being sought from the Louisiana defendant, Pride Oil & Gas Properties, Inc.–rescission of the lease–is the primary relief sought in this case. The other defendants, EnCana Oil & Gas (USA) Inc. and SWEPI LP, to whom the mineral lease has been assigned, were joined so that they would be bound by this relief should the leases be rescinded." [Rec. Doc. #8 at 5]. Therefore, since the assignment was a complete assignment of Pride Oil's interest, EnCana and SWEPI are the proper parties. Pride Oil is improperly joined and thus the Motion to Remand should be denied.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand [Rec. Doc. #8] is hereby **DENIED. IT IS FURTHER ORDERED** that Plaintiffs' claims against Pride Oil & Gas Properties, Inc. are **DISMISSED.**

**THUS DONE AND SIGNED**, this 8 day of October, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE