

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERNEST WAYNE HAYES, ET AL | CIVIL ACTION NO: 09-0488 |
| VERSUS | JUDGE DONALD E. WALTER |
| PRIDE OIL & GAS PROPERTIES, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is a Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants, EnCana Oil & Gas (USA) Inc. and SWEPI LP. [Rec. Doc. #18]. For the reasons set forth below, Plaintiff's Complaint against EnCana Oil & Gas (USA) Inc. and SWEPI LP should be **DISMISSED**.

### I.   FACTUAL BACKGROUND

On February 27, 2009, the Plaintiffs filed an action in state court seeking to rescind a mineral lease that they had entered into with the Defendants on February 28, 2008. *See* State Court Petition [Rec. Doc. #1-2]. In that lease, the Defendants agreed to pay "$150.00 per acre for a lease bonus" and "a 3/16th royalty interest." [Rec. Doc. #1-2 at 22]. Not long after the Plaintiffs entered into this lease the existence of the Haynesville Shale was made public knowledge. According to their State Court Petition, "[t]he amount of the lease bonus paid by the defendant was only a very small percentage of the true value of the acreage, which is likely 10,000% or more higher than the price received by Lessor . . . ," and "[t]he amount of royalty allowed by Defendant was less than the market rate for the Haynesville Shale type deposits." *Id.* at 22-23. The Plaintiffs argue lesion beyond moiety and fraud because their property is located above the Haynesville

Shale. Plaintiffs argue that the Defendants had a duty to inform them that their property laid within the Haynesville Shale. Subsequently, the action was removed to the Western District of Louisiana [Rec. Doc. #1] and the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Rec. Doc. #18].

## II.  LAW AND ANALYSIS

### Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." When considering the motion, a district court "must take factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff." *Fernandez-Montes v. Allied Pilots Assoc., et al.*, 987 F.2d 278 (5th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; however, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice. *Id.* The plaintiff's obligation is "to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The Fifth Circuit has recently held that to survive a 12(b)(6) Motion to Dismiss "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007).

First, lesion beyond moiety (which is what the Plaintiffs are alleging despite never using that term) is not available for a mineral lease. According to LA. REV. STAT. 31:17, "sale of mineral right is not subject to rescission for lesion beyond moiety." As such, that claim must fail. Secondly, the Plaintiffs argue that the Defendants obtained their consent through fraud by suppressing the existence of the Haynesville Shale. This was an arms-length transaction. For a

duty to speak to have existed, a fiduciary relationship would need to have existed. LA. REV. STAT. 31:122 clearly negates that when it states "a mineral lessee is not under a fiduciary obligation to his lessor." Therefore, the Defendants had no fiduciary obligation to disclose the existence of the Haynesville Shale to the Plaintiffs.

Finally, Plaintiffs argue that the mineral lease should be rescinded according to Louisiana Civil Code Article 1949, which states that "[e]rror vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." The State Court Petition argues that the Defendants knew before the lease was signed that the Plaintiffs' land was above the Haynesville Shale formation. [Rec. Doc. #1-2 at 22]. However, it never states that the Defendants knew that shale deposits were located beneath the property. In addition, a court in this district recently held that a claim for rescission pursuant to Civil Code Article 1949 under almost identical circumstances could not stand. *See Thomas v. Pride Oil & Gas Properties, Inc.* 633 F.Supp.2d 238, 243-44 (W.D. La. 2009). That court made it clear that "[i]n light of the particularly speculative nature of mineral exploration and production, this Court will not hold that an error as to the existence of a mineral deposit(s) constitutes an error as to a 'cause without which the obligation would not have been incurred.'" *Id.* at 244. Following, that guidance and the guidance of Louisiana jurisprudence and the Louisiana Civil Code, this Court finds that the Plaintiffs' claim based on Louisiana Civil Code Article 1949 cannot stand.

As such, the Plaintiffs cannot make out a cause of action under Louisiana law. In their Opposition to the Motion to Dismiss [Rec. Doc. 21], the Plaintiffs admit as much when they say "based upon the reference by defendants to the Mineral Code, Louisiana Civil Code, Louisiana Revised Statutes and other case law, it appears the laws are in place to significantly protect the

rich and powerful oil and gas companies, and defendants will successfully hide behind the veil of it's [sic] broker." Nevertheless, they seem to ask this Court to dispense with the guidance of the law and embrace equity. There are instances when this Court is empowered to be guided by equitable principles. This is not one of those circumstances. This Court must dispassionately apply the law as it finds it. Therefore, this Court is compelled to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Plaintiffs fail to state a claim upon which relief can be given and as such their claims against EnCana Oil & Gas (USA) Inc. and SWEPI LP are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 21 day of January, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE